HADDOCK *et al. vs.* THE PLANTERS' BANK OF FORT VALLEY.

1. H. died, leaving a policy of insurance on his life; his widow being unable to give the bond necessary for administration, desired the assistance of a banking company, filed a petition and obtained an order that the bank should collect the insurance and hold it as trustee for herself and children; this was done, and $4,000.00 held on deposit, drawing seven per cent. interest; subsequently on the joint petition of herself and the bark and under order of the chancellor, after appointing her as guardian *ad litem* for the minor · children, to better the investment, the money was invested in the capital stock of the bank.
*Held,* that such purchase was legal, though subsequently the bank failed, it being solvent at that time.
2. It is immaterial whether an officer of the bank advised her of its financial condition at the time or not, there being no fraud.

Equity. Trusts. Sales. Fraud. Before Judge SIMMONS. Houston Superior Court. May Adjourned Term, 1880.

Reported in the decision.

W. S. WALLACE, for plaintiffs in error.

DUNCAN & MILLER; HALL & SON, for defendant.

CRAWFORD, Justice.

The facts of this case are that Georgia C. Haddock, the plaintiff in error, was the wife of J. R. Haddock, who died insolvent, but who had $6,500.00 insurance on his life. She was unable to give the bond necessary to become the administratrix upon the estate or the guardian for the minor children, she therefore sought the assistance of the Fort Valley Trust Company to prevent the forfeiture or loss of this money, and earnestly desired its appointment as trustee for herself and guardian for her

children.  By her petition in chancery she set forth these facts, and alleged that the said funds were held in trust to be administered by a court of chancery, and prayed the appointment of the said company as trustee and guardian for the management of the said fund; that it have full power to collect and to invest it in lands, to make loans, or to purchase bank, railroad or factory stock as might be deemed the most advisable.

The chancellor granted the prayer of the petitioner and ordered the collection and the investment, or the holding the money for further direction by the chancellor.  After this, upon the joint petition of the said Georgia C. Haddock and the president of the company, it was represented to the chancellor that $4,000.00 of the money had been collected and placed on deposit by said company with an interest rate of seven per cent. per annum, and that if the same were invested in the capital stock of the company it would increase its value and pay a larger income, therefore they prayed an order requiring the investment made.  In this petition Georgia C. Haddock further prayed her own appointment as guardian *ad litem*, and that the dividends arising from the investment be paid over for their joint support and maintenance.

Under this petition the chancellor ordered the appointment *ad litem*, and upon her recommendation and consent as guardian directed the investment made, as well as that the dividends be paid over for the support of the *cestui que trusts*.

It appears from the record that the investment paid annual dividends amounting to from nine to sixteen per cent. per annum for five consecutive years, but afterwards they ceased to do business and proceeded to wind up their affairs.  Mrs. Georgia C. Haddock was then appointed trustee for this trust and she demanded in settlement thereof the original amount of money less the sums before that time received by her.  Having received in dividends on her stock nearly $1,600.00, she was offered her

certificates of stock for the remainder, which she declined to accept, but filed this bill against the company for an account and settlement, claiming the unpaid balance of the original sum received.

The equity of her bill rested alone upon the ground that the investment was illegal and unauthorized. By subsequent amendment she further insisted upon her equitable right to recover upon the ground that at the time of the investment she had no information as to the condition of the company by any officer thereof.

The answer of the defendant sets up no material facts differing from those alleged in the bill, and the parties reserving the right to go to the jury upon one point only, submitted all the questions of law and the remaining questions of facts to the chancellor for his decision. Upon hearing the case he held and decreed in favor of the defendant, and that upon the fact reserved it was immaterial how that might be, it could not change the decree.

To this finding and decree counsel for complainant excepts. The questions, then, for our decision are whether the investment was illegal and whether the fact that she had no information from any officer of the company as to its condition at the time of the investment is material to the issue on trial.

1. By the 2330th section of the Code it is provided that any trustee holding trust funds may invest the same in stocks, bonds or other securities issued by the state. Any other investment of trust funds must be made under an order of the superior court, either in term or granted by the judge in vacation, or else at the risk of the trustee.

In this case, upon the petition of this complainant for herself and by her consent as guardian *ad litem* for her children, the judge of the superior court directed this investment to be made, and by his order, as the law requires, it was done. But it is said that under §2186 of the Code the company should not have been the seller.

This is in no sense such a case as therein provided against. The principal here had full knowledge of all the facts, and the sale had the specific authority of judicial sanction.

2. Upon the second question the testimony shows that there never was a transaction of this sort freer from fraud or deception, and that for several years after the investment the company was both solvent and prosperous, and that the same was made by the complainant herself under the advice of her counsel, and not by any stockholder or officer of the banking company; that no officer of the company gave her any information as to its condition when the investment was made in the absence of any allegations of insolvency or fraudulent representation. This, though true, could not change the result. We think, therefore, that the finding and decree was right on both points.

Judgment affirmed.